UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CAROLYN H. PRESCOTT, | ) | Case No. 10-35922 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BRUCE H. MATSON, TRUSTEE FOR | ) | |
| CAROLYN H. PRESCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. _____ |
| | ) | |
| JAZARCO INTERNATIONAL, | ) | |
| A TRUST ORGANIZATION AND LLC, | ) | |
| | ) | |
| M. A. PALMER, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| W. W. PALMER, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Bruce H. Matson, Trustee (the "**Trustee**") for Carolyn H. Prescott (the "**Debtor**"), by and through undersigned counsel, files this Complaint and demands judgment in the amount, and for the reasons, respectfully stated herein as follows:

### **PROCEDURAL BANKGROUND**

---

Christian K. Vogel (Va. Bar No. 75537)
Paris R. Sorrell (Va. Bar No. 80953)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(804) 783-2003

Counsel for Bruce H. Matson, Trustee

1. On August 25, 2010, Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court, commencing the captioned case (the "Case").

2. On December 15, 2010, the Court entered an Order Granting the Motion to Convert the Case to Chapter 7.

## PARTIES

3. The Trustee was appointed trustee in the Case at the first meeting of creditors pursuant to section 703(d) of the Bankruptcy Code and continues to serve in that capacity.

4. Defendant Jazarco International, a Trust Organization and LLC, ("**Jazarco**") is a corporation residing in Las Vegas, Nevada. Jazarco is subject to service of process anywhere in the United States pursuant to Rule 7004(b) of the Federal Rules of Bankruptcy Procedure.

5. Defendant M. A. Palmer is an individual residing in Las Vegas, Nevada. M. A. Palmer is subject to service of process anywhere in the United States pursuant to Rule 7004(b) of the Federal Rules of Bankruptcy Procedure.

6. Defendant W. W. Palmer is an individual residing in Las Vegas, Nevada. W. W. Palmer is subject to service of process anywhere in the United States pursuant to Rule 7004(b) of the Federal Rules of Bankruptcy Procedure.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b), in that this proceeding is related to and arises in this Case.

8.     This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(a) and 157(b)(2)(A) and (O).

9.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

10.    The Debtor and Jazarco (collectively, the "**Parties**") entered into an agreement in late 2002 whereby Debtor agreed to loan Defendant $25,000.00 (the "$25,000.00 Loan). According to agreement between the parties the $25,000.00 Loan was due within full payment in four months plus a one year extension.

11.    Jazarco could not make payment on the $25,000.00 Loan when it became due.

12.    The Parties agreed to replace the $25,000.00 Loan with a Special Secured Promissory Note dated January 26, 2004 (the "**Promissory Note**") whereby Jazarco agreed to pay Carolyn Prescott $50,000.00. A true and correct copy of the Promissory Note is attached hereto as Exhibit A.

13.    The terms of the Promissory Note included repayment within one year, specifically, January 26, 2005, with yearly extensions or renewals possible through later agreement by the parties.

14.    The Promissory Note provided for interest in the amount of fifteen percent (15%) per annum to accrue annually and to be due and payable with the principal amount.

15.    The Parties entered into an Assignment and Transfer of that Certain Specific Portion of the Stated First Lien Rights from that Certain Original

Collateral/Security Agreement dated January 26, 2004 (the "**Assignment and Transfer**") whereby Jazarco agreed to assign and transfer certain first lien rights to Debtor. A true and correct copy of the Assignment and Transfer is attached hereto as <u>Exhibit B</u>.

16. The Assignment and Transfer purported to secure the Promissory Note.

17. Defendants M. A. Palmer and W. W. Palmer are the members and managers of Jazarco.

18. Jazarco failed to repay the Promissory Note to the Debtor within one year of the date of the note, specifically January, 26, 2005, as required by the Promissory Note.

19. Jazarco's failure to repay the Promissory Note is a breach of the agreement between Jazarco and the Debtor.

20. The damages now due the estate that arose from the Defendant's breach is the total unpaid balance of the Promissory Note, $50,000.00.

21. The unpaid principal balance on the Promissory Note is $50,000.00. According to the Assignment and Transfer, interest at the annual rate of (15%) per annum has accrued from January 26, 2005, and it will continue to accrue at that rate until entry of judgment.

WHEREFORE, the Trustee requests that the Court enter an Order:

> (A) granting the Trustee judgment against Defendants in the amount of $50,000.00, plus all accrued interest on such amount from January 26, 2005 until the date of judgment at fifteen percent (15%) interest, plus all expenses, including attorneys' fees and costs incurred in obtaining

4

such judgment (and plus all post-judgment attorneys' fees and related expenses incurred in collecting such judgment) from the date of judgment until the entire outstanding indebtedness under the Promissory Note and Assignment and Transfer is paid in full;

(B) granting the Trustee such other, further or different relief as the Court may deem just and appropriate.

Dated: March 21, 2011                LeCLAIRRYAN, A Professional Corporation

/s/    Paris R. Sorrell
Christian K. Vogel (VSB No. 75537)
Paris R. Sorrell (VSB No. 80953)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(804) 783-2003

*Counsel for Bruce H. Matson, Trustee*