1  Jazarco International,
   A Trust Organization and LLC,
2
   M.A. Palmer,
3
   and
4
   W.W. Palmer,
5
   c/o P.O. BOX 1807
6  Apache Junction, AZ 85117
   480-229-9659
7  Defendants

8            UNITED STATES BANKRUPTCY COURT
                EASTERN DISTRICT OF VIRGINIA
9                   Richmond Division
10

11 Carolyn H. Prescott,                          Chapter 7

12        *Debtor,*                         Case No.  10-35922-KRH

13                                   Adversary Case No. 11-03103-KRH
   Bruce H. Matson, Trustee for
14 Carolyn H. Prescott                       DEFENDANTS RESPONSE
                                               To Adversary Proceeding
15        *Plaintiff,*                                and
                                          DEFENDANTS MOTION TO DISMISS
16 vs.                                      This Adversary Proceeding
                                          For Failure to State a Valid Claim upon
17 Jazarco International,                     which Relief can be Granted
   A Trust Organization and LLC,                     and
18                                              MOTION TO DISMISS
   M.A. Palmer,                                 claims against
19                                          M.A. Palmer and W.W. Palmer
   and                                    For Failure to State a Valid Claim upon
20                                            which Relief can be Granted
   W.W. Palmer,                                      And
21                                         REQUEST TO POSTPONE PRETRIAL
        *Defendants.*                        CONFERENCE OR ALLOW
22                                          TELEPHONIC APPEARANCE BY
                                                  DEFENDANTS
23

24

25

26

27

28
   DEFENDANTS RESPONSE, MOTION TO DISMISS, AFFIRMATIVE DEFENSES          1

1
2

## DEFENDANTS RESPONSE TO ADVERSARY PROCEEDING COMPLAINT

3       Jazarco International, A Trust Organization and LLC (herein Jazarco), and M.A.

4   Palmer and W. W. Palmer Defendants, acting for ourselves without counsel, are

5   herein responding to the PLAINTIFF'S COMPLAINT as wrongfully filed by the Attorney

6

7   and Bruce H. Matson, Trustee for Carolyn H. Prescott, the Plaintiff herein. **It is the**

8   **Defendants distinct understanding that the Trustee powers do not exceed or**

9   **change the rights and privileges of the Debtor/Plaintiff, Carolyn H. Prescott, and**

10  **therefore the Defendants responses are**:

11

12      A.      The Defendants deny paragraphs 1, 2 and 3 of the Complaint as we

13  have no knowledge or information as to whether they are true or not; and

14      B.      The Defendants deny paragraph 4 of the Complaint, as Jazarco

15

16  International, a Trust Organization and an LLC (herein Jazarco) is doing business in

17  Nevada as a Limited Liability Company (LLC).  The Limited Liability Company is not a

18  corporation and does not reside in Nevada; and

19      C.      The Defendants deny paragraphs 5 and 6, as Defendants M.A. Palmer

20

21  and W.W. Palmer do business in Nevada, but do not reside in Nevada.  In addition,

22  M.A. Palmer, individually and as a Manager of Jazarco, is not responsible for any

23  debts and/or obligations of Jazarco, and W.W. Palmer individually and as a Member of

24  Jazarco, is not responsible for any debts and/or obligations of Jazarco, as set forth in

25

26  the Organization Documents of the LLC, and no personal guarantee(s) have been

27  made and signed.  Further, such action against M.A. Palmer and W.W. Palmer was

28

DEFENDANTS RESPONSE, MOTION TO DISMISS, AFFIRMATIVE DEFENSES          2

1    filed by the Plaintiff as harassment therefore the Complaints against M.A. Palmer and

2    W. W. Palmer as wrongfully filed by the Plaintiff and should therefore forthwith be

3
     dismissed with prejudice and as more fully set forth herein below by Motion; and
4

5        D.    **The Defendants deny paragraph 7, as the Defendants declare with**

6    **positive evidence that the "Special Secured Promissory Note" (herein Note) and**

7
     **the "Assignment and Transfer" (herein Assignment) declare that Maricopa**
8
     **County, Arizona is the correct jurisdiction and venue for any and all legal action**
9
10   **relating to all valid disputes and/or claims arising from the "Note" and/or the**

11   **"Assignment"; and**

12
         E.    The Defendants deny paragraph 8 of the Complaint as we have no
13
14   knowledge or information as to whether this is true or not; and

15       F.    The Defendants deny paragraph 9 of the Complaint as all legal and

16   authorized action relating to the "Note" and the "Assignment" is required by contract to

17
     be filed in **Maricopa County, Arizona** as the valid jurisdiction and venue, and ONLY
18
19   **after the several required "Notices"** of which there are five (5) required Notices that

20   encompass more than six (6) months time, and only under the simultaneous, unified

21
     priority and default requirements as prevailing parts of the "Note" and the "Assignment"
22
23   for the specific reason of **protecting all of the assets for ALL parties concerned**

24   and to prevent the destruction and/or detriment of any and/or all of the assets.

25   However, the Plaintiff, Bruce H. Matson, Trustee for Carolyn H. Prescott, has failed

26

27

28
     DEFENDANTS RESPONSE, MOTION TO DISMISS, AFFIRMATIVE DEFENSES         3

1  and refused to send **any** of the several Required Notices to the Defendants, that were

2  and are all required to be delivered to Jazarco **prior to any and all legal action**; and

3
4      G.    The Defendants deny paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18, 19,

5  20 and 21 due to the fact that the Plaintiff, Bruce H. Matson, Trustee for Carolyn H.

6  Prescott, failed and refused to comply with the **"Remedies"**, the **"Required**

7  **Remedies"**, the **"Required Procedures"**, and the **"Required Schedule of**

8
9  **Remedies"** as specifically detailed in the "Note" and the "Assignment" prior to any and

10  all legal action and others that apply, including the several **simultaneous unified**

11  **priority action, and all in full accordance with the "Note and "Assignment" and**

12
13  **"Collateral/Security Agreement"** etc. et al.  As a result, of the Plaintiff's total

14  disregard of all prior requirements, the Plaintiff caused the "Note" and the

15  "Assignment" to now be **rescinded and rendered null and void and of no force and**

16  **effect** and

17
## AFFIRMATIVE DEFENSES
18
19      Defendants hereby place Plaintiff on notice that they may raise the following

20  affirmative defenses which, through subsequent discovery, may be supported by the

21  facts: lack of any contractual relationship between the parties; failure to state a claim

22  upon which relief may be granted; failure to join necessary and indispensable parties

23  under Rule 19; failure of consideration; fraud; payment; estoppel; statute of frauds;

24
25  statute of limitations; waiver; set-off; breach of contract; failure to mitigate damages;

26  avoidable consequences; unclean hands; lack of causation; any other matter

27

28  DEFENDANTS RESPONSE, MOTION TO DISMISS, AFFIRMATIVE DEFENSES            4

1   constituting an avoidance and all other affirmative defenses required to be listed

2   pursuant to Federal Rules of Civil Procedure 8.

3

4   **WHEREFORE**, having answered Plaintiff's Complaint, Defendants request

5   judgment of the Court as follows:

6       A.      That Plaintiff's Complaint be dismissed against Defendants, and that

7   Plaintiff take nothing thereby;

8

9       B.      That Defendants be awarded their reasonable attorneys' fees and costs;

10  and

11      C.      For such other and further relief as to the Court appears just and proper

12  under the circumstances.

13

14                      **DEFENDANTS' MOTION TO DISMISS**

15      1.      The Defendants respectfully request that the court forthwith dismiss the

16  Plaintiff's wrongful Complaint for all of the valid reasons, responses, valid facts and

17  evidence as set forth herein above and as stated under oath and as also detailed

18  herein below as follows:

19

20          1.1     The Plaintiff and their Attorney(s) have failed and refused to

21                  comply with the **required procedures** as **specifically detailed** in

22                  both the "Special Secured Promissory Note" and the "Assignment

23                  and Transfer"; and

24

25          1.2     By filing a 'jump start' unauthorized legal action the Plaintiff has

26                  vividly, willfully and knowingly caused and rendered the "Special

27

28  DEFENDANTS RESPONSE, MOTION TO DISMISS, AFFIRMATIVE DEFENSES          5

Secured Promissory Note" and the "Assignment and Transfer" (as issued to the Debtor/Plaintiff Carolyn H. Prescott), **rescinded and determined null and void and of no force and effect**; and

1.3   Since the "Note" and the "Assignment" as issued to the Debtor/ Plaintiff Carolyn H. Prescott <u>have been rendered null and void and of no force and effect, said "Note and "Assignment"</u> **do not exist**! <u>Therefore claims cannot be made against a non-existent "Note" and "Assignment"</u>.

The quotes above and also set forth below are quotes taken from the "Special Secured Promissory Note" and the "Assignment and Transfer" that fully and unquestionably support the Defendants Motion to Dismiss.  All of the quotes are the explicit and valid reasons why this ADVERSARY PROCEEDING SHOULD NOT EXIST, AND SHOULD FORTHWITH BE DISMISSED WITH PREJUDICE:   (*The quoted text from the "Special Secured Promissory Note" and the "Assignment and Transfer" are in italics and some paragraphs have been divided for clarity.*)

2.   **Special Secured Promissory Note":** Page 5; Paragraph 10.4; (written for the protection of the "Trust Assets"), starting from the beginning of the paragraph it states: "*The prevailing declarations herein require that not any one (1) Party or group of Parties (HOLDER(S), LENDERS/ASSIGNEES), regardless of the date and time of any and/or all* **Special Secured Promissory Note(s)"**

and ***"Assignment and Transfers"*** *are issued and any other NOTES SHALL*

*NOT HAVE ANY SUPERIOR OR PRIOR LIEN on the **"Trust Assets"**.*

2.1    Also at Page 5; Paragraph 10.4; *"All are issued and all are due on*

*the same day".*

2.2    Also at Page 5; Paragraph 10.4; ***"Any one (1) Party or group of***

***Parties that fail(s) and refuse(s) to comply with these***

***provisions renders their "Special Secured Promissory Note"***

*and **"Assignment and Transfer"** rescinded **and determined***

***then and there null and void as to the indebtedness due** from*

*the BORROWER/ASSIGNOR to the LENDER/ASSIGNEE and*

*relating to only those acting contrary to the requirements herein*

*accordingly.";* and

3.    Page 6; Paragraph 12.1; the first and last sentence of this paragraph

state:    "*In the event that a Valid Default is properly noticed, and after the timely*

*completion of the "Required Procedures", "Required Schedule of Remedies" and any*

*and all others that apply as stated herein including simultaneous unified priority action*

*and in full accordance with the "Collateral/Security Agreement" ("C/SA"), a Valid*

*Default is then declared by the Attorney/Trustee.*"

3.1    Also at Page 6; Paragraph 12.1; *"Any and all action outside of*

*and/or independent of these as stated, renders that*

DEFENDANTS RESPONSE, MOTION TO DISMISS, AFFIRMATIVE DEFENSES                7

1                         *LENDER'S/ASSIGNEE'S documents rescinded and null and*

2                         *void.";* and

3

4         4.       Page 7; Paragraph 12.5 states: ***"Any and all legal action shall only be***

5  ***commenced by and through the Attorney/Trustee with the cooperation of the***

6  ***BORROWER/ASSIGNOR for all Parties simultaneously and in a unified collective***

7  ***manner."***

8

9             4.1     Also at Page 7; Paragraph 12.5 states "*In the event a legal action*

10                     *is brought without the cooperation and not through the*

11                     *Attorney/Trustee, the obligation and indebtedness that such*

12                     *HOLDER had is then all null and void and of no force and effect.*"

13

14             4.2     Also at Page 7; Paragraph 12.5 states "*All actions for or against*

15                     *the **"Trust Assets"** shall be acted upon and legally represented*

16                     *simultaneously and under simultaneous unified priority*

17                     *accordingly. No other action is authorized.*"

18

19         5.       Page 2; Paragraph 3 (d); the last sentence of this paragraph beginning

20  on page 2 and continuing to page 3 states: *"As a last resort and if it is necessary and*

21  *required, there must be a unified and simultaneous action for the foreclosure and sale*

22  *of the **"Trust Assets"** for the collection of all funds due."*

23

24             5.1     Also at Page 2; Paragraph 3 (d); "*Thus, it is fully agreed by all that*

25                     *only a unified simultaneous action effort shall take place.*"; and

26

27

28

DEFENDANTS RESPONSE, MOTION TO DISMISS, AFFIRMATIVE DEFENSES         8

6.    Page 4; Paragraph 9.1; the second sentence beginning towards the end of the third line states: *"If not paid timely, the "Required Procedures", "Required Remedies" and all other requirements as set forth in the Original "Collateral/Security Agreement" shall take effect and must be followed **prior to any and all legal action** as authorized."*; and

7.    Page 4; Paragraph 10.1; the last sentence of this paragraph states: *"However, in the event of default, the LENDER/ASSIGNEE shall cause written notice to be delivered to the BORROWER/ASSIGNOR and the Attorney/Trustee to bring foreclosure action and to liquidate whatever amount of **"Trust Assets"** necessary to pay all sums due or to become due to all LENDERS/ASSIGNEES and providing the "Required Procedures", "Required Remedies" and the simultaneous unified collection procedures are first followed and the exchange requirements as stated herein are complete."*; and

8.    Page 6; Paragraph 11.3; the first sentence of this paragraph states: *"When or if this **"Special Secured Promissory Note"** is in default, the LENDER/ASSIGNEE must deliver a written notice to the BORROWER/ASSIGNOR and the Attorney/Trustee declaring a Default."*; and

9.    Page 7; the last paragraph on this page states: *"THE ATTORNEY/TRUSTEE herein acknowledges receipt of the original of this **"Special Secured Promissory Note"** and will promptly deliver certified copies to both the BORROWER/ASSIGNOR and the LENDER/ASSIGNEE further acknowledges that the*

1   *contractual requirements as referenced in the "C/SA" (as recorded in Maricopa County*

2   *Arizona) shall be followed in the event of a valid default, and according to the*

3   *Attorney/Trustee's "Trust Instructions" for the* ***"Trust Assets" together with all other***

4

5   ***requirements as set forth herein including the simultaneous unified priority and***

6   ***default requirements as a prevailing part of this NOTE and all Loan documents.***";

7   and

8

9        10.    Page 8; the last line of the paragraph at the top of the page states: "*this*

10   ***"Special Secured Promissory Note"*** *is neither assignable nor transferable.*"

11        11.    **"Assignment and Transfer"** Page 2; Paragraph 5; starting from the

12   beginning of the paragraph it states: "*The LENDER/ASSIGNEE fully recognizes,*

13

14   *understands and agrees that all of the price, terms and conditions of that certain*

15   *Original "Collateral/Security Agreement" as dated the 18th day of April 2001 shall*

16   *govern this* ***"Assignment and Transfer"***."

17

18        12.    Page 3; Paragraph 6; the last sentence states: "*All of the contents of the*

19   ***"Special Secured Promissory Note"*** <ins>***including the special provisions of***</ins>

20   <ins>***undivided simultaneous unified priority and default provisions are all an integral***</ins>

21   <ins>***part hereof as though all restated herein and incorporated herein***</ins>."; and

22        13.    Page 3; on the last line of this page it states: "*this* ***"Assignment and***

23

24   ***Transfer"*** *is neither assignable nor transferable*"

25        14.    Required Procedures and Prevailing Notices were required in several

26   places in the "Note and "Assignment" it requires Notices to be send to the Defendant

27

28   DEFENDANTS RESPONSE, MOTION TO DISMISS, AFFIRMATIVE DEFENSES      10

by the Plaintiff to protect the "Trust Assets" for ALL, but said Procedures and Notices were ignored and not sent by the Plaintiff's Attorney and/or the Plaintiff's Trustee.

15.    No Notice or any other kind of communication was ever sent by the Plaintiff's Attorney and/or the Plaintiff's Trustee, Bruce H. Matson.

**WHEREFORE,**

A. The Defendants request the Court to deny the Plaintiff's request for Judgment against any and all Defendants in all amounts, due to the overwhelming factual and documented evidence in favor of the Defendants against the Plaintiff's unauthorized 'jump start' filing; and

B. It is requested that the Plaintiff takes nothing and that the Adversary Proceeding Case No. 11-03103 be forthwith dismissed with prejudice, as there is no indebtedness due the Plaintiff; and

C. The Defendants also request that this Adversary Case No. 11-03103 be dismissed due to the exacting facts that the Plaintiff, Bruce H. Matson, Trustee for Carolyn H. Prescott, willfully and destructively caused the "Note" and the "Assignment" issued to Debtor/Plaintiff Carolyn H. Prescott to be rescinded and declared null and void by failing and refusing to comply with the "Required Procedures", "Required Remedies", "Required Schedule of Remedies" and the "simultaneous unified collection procedures" explicitly detailed in several placed in the "Special Secured Promissory Note" and the "Assignment and Transfer", and created to protect the "Trust Assets" for

DEFENDANTS RESPONSE, MOTION TO DISMISS, AFFIRMATIVE DEFENSES                11

1

2

3   all and prevent 'jumpstart' unauthorized actions that would and will surely destroy all of

the "Trust Assets" for all concerned; and

4           D. The Defendants also request that this Adversary Case No. 11-03103 be

5   dismissed due to the fact that the Plaintiff willfully failed and refused to deliver any of

6   the "Notices" as explicitly required in the "Special Secured Promissory Note" and the

7   Assignment and Transfer"; but instead filed this Adversary Proceeding Case No. 11-

8   03103 in direct violation of said "Note" and "Assignment", thereby rendering both the

9   "Special Secured Promissory Note" and the "Assignment and Transfer" rescinded and

10  determined null and void and of no force and effect; and

11          E. Due to the fact that the "Special Secured Promissory Note" and the

12  "Assignment and Transfer" are null and void, the "Note" and "Assignment" **do not**

13

14  **exist**; and as such, claims cannot be made against a non-existent "Note" and

15  "Assignment".

16          **THEREFORE**, the Defendants respectfully request that this Adversary

17

18  Proceeding Case No. 11-03103 be forthwith dismissed with prejudice, and all costs,

19  fees and expenses of the Defendant in the amount of $716.73 be forthwith paid by the

20  Plaintiff(s) to the Defendants.

21          **MOTION TO DISMISS M.A. PALMER AND W. W. PALMER**

22

23          A. In all events, It is respectfully requested that this Adversary Case No  11-

24  03103 Complaint be dismissed forthwith against M. A. Palmer and W. W. Palmer as all

25  actions were only functioned as Manager (M.A. Palmer) and Member (W.W. Palmer)

26

27

28  DEFENDANTS RESPONSE, MOTION TO DISMISS, AFFIRMATIVE DEFENSES           12

1  of Jazarco and no personal action and/or involvement was ever performed in any way

2  and/or manner whatsoever.

3

4      B. Further, as a Limited Liability Company (LLC), any and all personal

5  liability against any Manager and/or Member is not valid unless signed as stated

6  individually.

7      C. Consequently, such action against M.A. Palmer and W.W. Palmer was

8

9  grossly and wrongfully filed by the Plaintiff as harassment in Case No 11-03103,

10  therefore it is respectfully requested that the Complaint against M.A. Palmer and W.W.

11  Palmer should forthwith be dismissed with prejudice.

12      **WHEREFORE,** the Defendants request the Court to dismiss Plaintiff's

13

14  claims against M.A. Palmer and W.W. Palmer, individually, for failure to state a claim

15  for which relief may be granted against them personally.

16  **REQUEST TO POSTPONE PRETRIAL CONFERENCE
OR ALLOW TELEPHONIC APPEARANCE**

17

18      The Defendants heretofore sent a letter of request to postpone the Pretrial

19  Conference and now again respectfully request that the Pretrial Conference currently

20

21  scheduled for April 27, 2011, be postponed until after the Plaintiff and his attorney

22  have read and evaluated the contents of all as stated on the caption page, or in the

23  alternative, that Defendants be permitted to appear by telephone as the Defendant's

24  health will not permit extensive travel at this time.

25

26

27

28
DEFENDANTS RESPONSE, MOTION TO DISMISS, AFFIRMATIVE DEFENSES        13

1      Respectfully submitted this 25th day of April, 2011, by the Defendants:

2    Jazarco International, a Trust Organization and LLC

3

4    By _____

5    M. A. Palmer, its Trustee and Gen Mgr.
     C/o P.O. Box 1807

6    Apache Junction, Arizona 85117

7    480-229-9659

8    And

9    _____

10   M. A. Palmer, individually

11   And

12

13   _____

14   W. W. Palmer, individually

15

16   Special Notice of delivery of copies as required:

17   Copies of the Defendants Response, Motion to Dismiss, and Counter Claims etc. et al
     were all delivered by overnight Fed Ex and US Express mail to the Court, Clerk of the
18   Court, the Attorney for the Trustee and the Trustee April 25, 3011.

19

20   _____
     M. A. Palmer
21

22

23

24

25

26

27

28
     DEFENDANTS RESPONSE, MOTION TO DISMISS, AFFIRMATIVE DEFENSES            14



## LeCLAIR RYAN

April 22, 2011

**VIA FACSIMILE (480) 986-8791**

Mr. Melvin Palmer

      **In re:** *Bruce H. Matson, Trustee for Carolyn H. Prescott v. Jazarco International,*
*A Trust Organization and LLC, M.A. Palmer, and W.W. Palmer*
      Case No.:    11-03103

Dear Mr. Palmer:

      Per our telephone conversation today, regarding the Complaint in the above referenced case, your Answer deadline extension has been granted and will be due on Tuesday, April 26, 2011.

      Please call me if you have any questions.

                     Sincerely,

                     Paris Ratliff Sorrell

PRS/ddd

E-mail: paris.sorrell@leclairryan.com
Direct Phone: 804.783.7527
Direct Fax: 804.783.7627

951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Phone: 804.783.2003 \ Fax: 804.783.2294

CALIFORNIA \ CONNECTICUT \ MASSACHUSETTS \ MICHIGAN \ NEW JERSEY \ NEW YORK \ PENNSYLVANIA \ VIRGINIA \ WASHINGTON. D.C.

ATTORNEYS AT LAW \ WWW.LECLAIRRYAN.COM

To:    United States Bankruptcy Court                                    April 22, 2011
       Eastern District of Virginia
       Richmond Division
       701 E. Broad St., Rm. 5000
       Richmond, VA 23219

Re:    Case Number     10-35922-KRH
       Chapter    7
       Adversary Proceeding Number    11-03103-KRH
       Judge    Kevin R. Huennekens

Judge Kevin R. Huennekens, William C. Redden, Clerk of the Court, and whomever else it may concern,

The Defendants (Jazarco International, a Trust and LLC and the Palmers) request that the pretrial conference scheduled for Wednesday, April 27, 2011 at 10:00 AM be postponed until the court and the Attorney for the Plaintiff and the Trustee have reviewed the Defendant's Answer and Motion to Dismiss that are to be submitted by the undersigned Defendants, that will arrive April 26, 2011 before the close of business at the Clerk of the Court's Office; with a copy to the Judge Kevin R. Huennekens; and a copy to the Plaintiff's Attorney Paris R. Sorrell; and copy to Bruce H. Matson, Trustee for Carolyn H. Prescott;

OR It is requested that the pretrial conference please be rescheduled so that I, Melvin Palmer (Defendant) be allowed to participate at the pretrial conference **via telephone no: (480) 229-9659** as my health severely limits my travel capabilities.

The Defendants (Jazarco) did not receive any of the several notices as required by Contracts prior to any and all legal actions, and the Defendants did not have any knowledge otherwise of the Bankruptcy as filed in August 2010 by Carolyn Prescott. Even though the Plaintiff sent the Complaint March 27, 2011, Jazarco did not receive said Complaint until April 18, 2011 at about 5:30PM AZ time, because of my health.

This letter is to inform you that as a result of the wrongful and unauthorized Complaint being filed without one of the Required Notices, even so, the Defendants have now been in contact with Paris R. Sorrell, the Attorney for the Plaintiff, Bruce H. Matson, Trustee for Carolyn H. Prescott, regarding Case Number 10-35922-KRH (Adversary Proceeding Number 11-03103-KRH) listed above; and the Defendants have received written correspondence from Paris R. Sorrell, and she has granted an extension to the Answer deadline from Friday, April 22, 2011, to Tuesday, April 26, 2011 prior to close of business (copy enclosed).

Sincerely,
Jazarco International, a Trust Organization and LLC

By _____                              By _____
    Melvin Palmer, its Manager            and               M. A. Palmer, individually

And
By _____
    W. W. Palmer, individually